UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                            Plaintiff,

-vs-

DEVAUGHN SALAZAR,

                            Defendant.

DECISION AND ORDER

15-CR-6044 (CJS)

_____

## INTRODUCTION

Now before the Court is a motion (ECF No. 149) by Devaugh Salazar ("Defendant" or "Salazar") for sentence reduction pursuant to Section 404 of the First Step Act. For the reasons discussed below, the application is denied.

## BACKGROUND

The reader is presumed to be familiar with the facts of this action. Briefly, Salazar was convicted following a jury trial of three counts, charging him with violations of: (1) Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession of cocaine with intent to distribute); (2) Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime), and (3) Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm and ammunition). On June 29, 2018, the Court sentenced Salazar principally to 80 months of imprisonment. On December 18, 2019, the United States Court of Appeals for the Second Circuit affirmed Salazar's conviction and sentence. *U.S. v. Salazar*, 18-2028-cr, 797 Fed.Appx. 1 (2d Cir. Dec. 18, 2019).

On April 4, 2022, Salazar filed the subject motion for a Sentence Reduction under § 404 of the First Step Act, "in relation to [his] 924(c) enhancement,"[1] stating in pertinent part:

> Defendant's conviction was improper because he did not "use" a firearm within the meaning of *Bailey v. United States*, 516 U.S. 137 (1995). 18 U.S.C. § 924(c)(1)(A) within the actions of the Defendant of using a firearm as trade does not constitute the "use" definition determined in *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). [sic] The Supreme Court considered whether a person who trades his controlled substance for a gun "uses" the bartered-for firearm "during and in relation to . . . [a] drug trafficking crime" within the meaning of use under the statute. This analysis resulted in the conclusion that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." *Id*. at 83. The Defendant here did not "use" a firearm under the statute of § 924 and by Supreme Court rulings. Therefore, since the Defendant did not "use" a firearm in furtherance of a drug crime, the FSA should be applied and a Sentence Reduction is warranted as the § 924 was stacked onto his drug charge.

ECF No. 149 at p. 2.

The Government opposes the application as being both "procedurally barred and meritless," arguing, first, that Section 404 of the First Step Act "has no application to Salazar's case."[2]  More specifically, Respondent states:

> Section 404(c) of the First Step Act made certain provisions of the Fair Sentencing Act of 2010 that reduced the 100:1 crack-to-powder cocaine ration 18:1 applicable to an expanded class of defendants. But Salazar was not charged with any crack cocaine offenses, so Section 404(c) of the First Step Act simply does not apply to Salazar.

ECF No. 151 at p. 2.

---

[1] ECF No. 149 at p. 1.
[2] ECF No. 151 at pp. 1-2.

2

The Government further states that, even without regard to Section 404, Salazar's argument based on the Supreme Court's decisions in *Bailey* and *Watson* is meritless, since his § 924(c) conviction did not involve his "use" of a firearm. More particularly, Respondent states:

> Regardless of whether Salazar properly brought the current motion through some procedural mechanism or statute that would permit the Court to consider his motion (which he did not), Salazar's motion must still fail.
>
> \*\*\*
>
> The main flaw in Salazar's argument is that he was not charged under the "uses or carries a firearm" prong of Section 924(c), since that language appears nowhere in his Indictment. As such, *Bailey* has no application to this case. In fact, after the Supreme Court's 1995 decision in *Bailey*, Congress modified Section 924(c) to add the "possession in furtherance" branch of the statute, under which Salazar was convicted. As described by the Second Circuit:
>
>> In 1998, Congress amended section 924(c)(1) to add the "possession in furtherance" prong after the Supreme Court concluded in *Bailey v. United States* that possessing a firearm near the scene of drug trafficking did not constitute "use" of a firearm during and in relation to a drug trafficking crime because mere possession does not amount to active employment of a firearm. *See* 516 U.S. 137, 143. Following the amendment, a defendant violates section 924(c)(1)(A) if he "possesses a firearm" "in furtherance of ... [a] drug trafficking crime." *See* Pub. L. No. 105-386, 112 Stat. 3469 (1998); *Watson*, 552 U.S. at 77 n. 3, 128 S.Ct. 579 (2007).
>
> *United States v. Gardner*, 602 F.3d 97, 101 (2d Cir. 2010).
>
> In *Gardner*, decided 15 years after the Supreme Court's decision in *Bailey*, the Second Circuit further held that under the current version of Section 924(c), "when a defendant acquires a firearm using drugs as payment, he possesses that firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)." *Gardner*, 602 F.3d at 103. And that's exactly what the jury convicted Salazar of doing. As recounted in the Presentence Investigation Report, Salazar met with Kevin Krowiak in the Tops parking

3

> lot in Elmira, New York where Krowiak gave a .40 caliber Taurus pistol to Salazar in exchange for several grams of cocaine. ECF No. 116 at 6, ¶ 16. Because *Bailey* has no application to this case, and because the Second Circuit has held the receiving a firearm in exchange for drugs constitutes possession in furtherance of drug trafficking – which is what Salazar was charged with and convicted of – his current challenge is meritless.

ECF No. 151 at pp. 3, 4.

The Court has considered the parties' submissions and, for the reasons set forth below, denies Salazar's application.

### SALAZAR'S PRO SE STATUS

"[T] he pleadings of a *pro se* inmate are to be construed liberally," and the Court accordingly interprets Salazar's papers to raise the strongest arguments that they suggest. *United States v. Detrich*, 940 F.2d 37, 38 (2d Cir. 1991); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).

### SALAZAR'S § 924(c) CONVICTION IS NOT A COVERED OFFENSE UNDER THE FIRST STEP ACT

As a preliminary matter, the Court agrees with Respondent that Salazar is not eligible for relief under Section 404 of the First Step Act.

In 2018, Congress passed the First Step Act, which made retroactive the sentencing reforms from the Fair Sentencing Act of 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).[3] Section 404(a) of the First Step Act defined "covered

---

[3] *See, United States v. Marshall*, No. 22-2837-CR, 2024 WL 358133, at *2 (2d Cir. Jan. 31, 2024) ("In 2010, the Fair Sentencing Act reduced the penalties for certain cocaine-related offenses. The relevant provision increased from fifty grams to 280 grams the quantity of cocaine base needed to trigger the penalties under Section 841(b)(1)(A), including the ten-year mandatory minimum sentence. Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (2010) (codified at 21 U.S.C. § 841(b)(1)(A)(iii)). However, the more lenient penalties contained in the Fair Sentencing Act did not apply retroactively to defendants . . . sentenced before the Act's effective date.") (citation omitted).

offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010,[4] that was committed before" the Fair Sentencing Act was enacted.   Section 404(b) of the First Step Act, meanwhile, provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *See, e.g., United States v. Rose*, 379 F. Supp.3d 223, 227 (S.D.N.Y. 2019).

District courts in this Circuit approach motions for sentence modification under the First Step Act with a two-part analysis. *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). First, the courts inquire whether the defendant is serving a sentence imposed for a "covered offense," and therefore *eligible* for a sentence reduction under the Act. *See, e.g., United States v. Davis*, 423 F. Supp.3d 13, 16 (W.D.N.Y. 2019) *aff'd* 961 F.3d 181 (2d Cir. 2020). If the answer to the first inquiry is affirmative, then the courts inquire whether, in the Court's sound discretion, a sentence reduction is *warranted* under the particular facts of the defendant's case. *Id.* at 17.

Here, Salazar is clearly not eligible for relief under the First Step Act, since his conviction under § 924(c) is not a "covered offense."   That is, his § 924(c) conviction is not for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *See, United States v.*

---

[4] *See, United States v. Contrera*, No. 20-4083-CR, 2022 WL 301784, at *1 (2d Cir. Feb. 2, 2022) ("Sections 2 and 3 of the Fair Sentencing Act changed the crack cocaine quantity thresholds for the imposition of penalties under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and eliminated the mandatory minimum for simple possession of crack cocaine under 21 U.S.C. § 844(a). Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372."), cert. denied, 143 S. Ct. 511, 214 L. Ed. 2d 291 (2022).

*Atkinson*, No. 19-1678, 2019 WL 11705979, at *2 (6th Cir. Dec. 17, 2019) ("Atkinson's argument is speculative, and, even so, he was sentenced for a § 924(c) offense, which is simply not a "covered offense" under the Act. Thus, the district court was not authorized by the First Step Act to reduce Atkinson's sentence[.]"); *see also, United States v. McCurry*, 833 F. App'x 284, 286–87 (11th Cir. 2020) ("Only 'crack-cocaine offenses for which [21 U.S.C.] sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties' qualify as 'covered offenses' [under the First Step Act, t]hus McCurry's § 924(c) convictions are not 'covered offenses' and the district court was not authorized to reduce McCurry's sentence for those offenses.") (citation omitted); *United States v. Hawkins*, No. CR 00-323-05 (KSH), 2019 WL 3297497, at *7 (D.N.J. July 23, 2019) ("The Fair Sentencing Act did not . . . affect the statutory penalties for a § 924(c)(1) conviction.").

SALAZAR'S ARGUMENT BASED ON *BAILEY* AND *WATSON* IS MERITLESS

The Court also agrees with Respondent's contention that *Bailey* and *Watson* are inapplicable here, and that Salazar violated § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime) by trading cocaine for a firearm.

More specifically, the *Bailey* and *Watson* decisions are inapplicable, since Salazar's conviction under Count 2 of the Indictment was for violating Section 924(c)(1), "possession of a firearm in furtherance of a drug trafficking crime," and not for "using or carrying" a firearm. *See, e.g., United States v. Ferreira*, No. 17-CR-6138-CJS-1, 2022 WL 1539545, at *11 (W.D.N.Y. May 16, 2022) ("Defendant's reliance on *Watson*, though, is misplaced, since that case, which interpreted a prior version of § 924(c)(1)(A), stands for the proposition that a defendant who trades drugs for a gun is not guilty of using a firearm in furtherance of a drug trafficking crime. The *Watson* case does not say that a defendant who trades a gun for drugs is innocent of possessing a firearm in furtherance of a drug trafficking crime, which, due to the amendment of the statute, is now a separate

way of violating § 924(c)(1)(A)[.]") (footnotes omitted).   Moreover, trading a gun for drugs does indeed amount to "possession of a firearm in furtherance of a drug trafficking crime." *See, id*. ([T]the Second Circuit has . . . held that receiving a gun in trade for drugs amounts to possession of a firearm in furtherance of a drug trafficking crime.") (citing *U.S. v. Gardner*, 602 F.3d 97, 99 (2d Cir. 2010); other citation omitted).

## CONCLUSION

Salazar's motion for a sentence reduction (ECF No. 149) is denied.  The Court declines to issue a certificate of appealability, since Defendant has not made a substantial showing of the denial of a constitutional right.   The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).   Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:     April 16, 2024
           Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge